# IN THE COURT OF APPEALS OF IOWA

No. 20-1376
Filed February 3, 2021

**IN THE INTEREST OF Z.A. and Z.A.,**
**Minor Children,**

**C.A., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Page County, Jennifer Bahr, District

Associate Judge.


        A father appeals the termination of his parental rights concerning two

children. **AFFIRMED.**


        Justin R. Wyatt, Glenwood, for appellant father.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Vicki Danley, Sidney, attorney and guardian ad litem for minor children.


        Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals the termination of his parental rights concerning his two sons. He challenges the statutory grounds relied on by the district court for termination, alleges termination of his parental rights is contrary to the best interests of his children, and argues the district court should have granted an extension of time for reunification efforts. Upon our de novo review, we affirm the termination of the father's parental rights.

## I. BACKGROUND FACTS AND PROCEEDINGS

Two young boys are at the heart of this appeal. Z.A. was born in 2011 and Za.A. was born in 2012. At the time of the termination hearing, Z.A. was nine years old and Za.A. was seven years old. The children have been adjudicated to be children in need of assistance (CINA) on two separate occasions. They were removed from parental custody from January 31, 2017 through June 17, 2017, due to concerns of domestic violence and methamphetamine use. Both children were adjudicated on March 16, 2017, pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2017). This case closed with a dismissal order on February 15, 2018.

Less than a year later, the same issues within the family structure brought Z.A. and Za.A. to the attention of the Iowa Department of Human Services (DHS). In December 2018, one of the children called 911 to report an assault on his mother by his father. Both children witnessed the violence. At the time of the assault, both parents were alleged to be under the influence of methamphetamine. Pursuant to a safety plan, the children were placed with their maternal great-grandmother, where they have remained for nineteen months. A founded child protective services child abuse assessment was completed on March 16, 2019,

listing the father as a parent responsible for the abuse. This March 2019 report represents the fifth founded abuse report against the father since 2012. The father refused to comply with a request for a drug screen during the most recent abuse assessment.

Both boys were adjudicated CINA for a second time on March 7, 2019, pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2019). They were formally removed from parental custody the same day. At the dispositional hearing, when asked to submit to a drug screen, the father admitted using methamphetamine a few days before the hearing and did not submit to the requested drug screen.

The father was incarcerated for the majority of the most recent underlying CINA case. He was in custody from December 2018 to March 2019 on domestic abuse assault charges. He pled guilty to violating a no-contact order with the mother and was released from jail on March 21, 2019. However, due to a harassment charge related to the mother, he was again arrested in the beginning of April. He was released on bail. He was again taken into custody on April 23 for delivery of methamphetamine.

Following resolution of the charges, the father was placed at the Council Bluffs residential correctional facility (RCF) in July but, due to his inability to follow the rules of the program, he was returned to the county jail. His probation was revoked in October, and by the time of the permanency hearing held on January 16, 2020, the father had been incarcerated at the Mount Pleasant Correctional Facility on an indeterminate ten-year period of incarceration following his plea to a class "C" felony, possession of methamphetamine with intent to deliver. He remained incarcerated at the time of the termination hearing held on

August 6, 2020, although he testified that he had been "run up on parole" the prior week and anticipated a response from the parole board the following month.

Following the termination hearing, the court found clear and convincing evidence to terminate the parental rights of the father pursuant to Iowa Code section 232.116(1)(e) and (f) (2020). In support of the decision to terminate, the court noted both boys had been formally removed from parental custody for the last seventeen consecutive months and the father remained incarcerated. The court noted the father had taken some classes while incarcerated but he conceded the boys could not be returned to his custody at the time of the termination hearing. The father now appeals from the termination order.[1]

## II.    STANDARD OF REVIEW

Our review of termination proceedings is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III.    DISCUSSION

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground

---

[1] The mother's parental rights were also terminated. She does not challenge the district court's termination order.

for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A.     Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. We focus on section 232.116(1)(f) for the purpose of this appeal. Iowa Code section 232.116(1)(f) provides termination may be ordered when there is clear and convincing evidence the child is four years of age or older, has been adjudicated a CINA, has been removed from the physical custody of the parent for at least twelve of the last eighteen months, and cannot be returned to the parent's custody at the time of the termination hearing.

Here, the father does not contest the first three elements of section 232.116(1)(f) but challenges whether the fourth has been met. At the time of the termination proceeding, the father was in prison and neither child could be returned to him. *See id.* (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to the custody of the parent if doing so would expose the child to any harm amounting to a new CINA adjudication). Due to his incarcerated status, we find the State's evidence satisfied the fourth element of

this statutory ground. While not necessary to our determination, we additionally note that while the father anticipated transfer to the RCF, perhaps in the next month or two, neither child could be placed in such facility, with an anticipated stay at the RCF of several months. Further, as noted by the district court, the father would not be in a position to have the children immediately returned to his care upon release from the RCF. We agree the statutory ground for termination of the father's parental rights pursuant to Iowa Code section 232.116(1)(f) was met.

### B. Best Interests of the Children

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of children, we give primary consideration to "the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional conditions and needs of the child[ren]." *See* Iowa Code § 232.116(2).

We find it is in the best interests of Z.A. and Za.A. to terminate the father's parental rights. This is not a close call. The father has been provided a myriad of services since 2017. The lives of these boys have been subject to continued chaos due to substance abuse and domestic violence. Since the most recent removal, the boys have been living with their maternal great-grandmother for a period of nineteen months, where they are thriving, yet still dealing with the effects of abuse. This placement has expressed an intention to adopt in the event of a termination. With our primary consideration being Z.A. and Za.A.'s safety, the best placement

for furthering their long-term nurturing and growth, and to their physical, mental, and emotional conditions and needs, we find termination to be in their best interest.

**C.    Extension of Time for Reunification**

Although not set out as a separate issue in his appeal, we interpret a portion of the father's argument as a request for an extension of time pursuant to Iowa Code sections 232.117(5) and 232.104(2)(b).  Iowa Code sections 232.117(5) and 232.104(2)(b) allow the court to grant an extension of time if parental rights are not terminated following the termination hearing.  But to continue placement for six more months, the juvenile court must determine that "the need for removal will no longer exist at the end of the extension." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005).  "The judge considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* at 92 (citation omitted).

Here, the district court declined to grant the father an extension of time, citing an inability to determine the need for removal would no longer exist at the end of the requested extension.  The district court specifically found, "There is nothing in the extended history of this case that allows the Court to conclude that there is a reasonable likelihood that real change will occur that will eliminate the need for removal over the next six months."  The court highlighted the father's lack of progress throughout the case, his current imprisonment, and inability to achieve sobriety or address his anger management outside of a prison setting.  We agree with this determination.

While we commend the father for the work he has completed while incarcerated, we do not find such alone warrants an extension on the facts of this

case. By the time of the termination hearing, the children had been out of parental care for nineteen months, formally removed for seventeen months. Notably, this is not the children's first contact with the court system. Further, while the father indicates he will likely be released to the RCF in the near future, as noted above, such will also not be the father's first admission to such facility. When previously placed at the RCF, he violated the placement's rules and was returned to jail. He also had difficulty following the structure of the prison and received disciplinary consequences as a result. We agree the district court properly denied the request to grant the father an extension of time to reunify with his children. We, like the district court, are unable to determine the need for removal of Z.A. and Za.A. from their home would no longer exist at the end of an extension of time.

As the father makes no claim that a statutory exception under Iowa Code section 232.116(3) should be applied, we do not address the same.

## IV. CONCLUSION

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(f). Termination of the father's parental rights is in the children's best interests pursuant to section 232.116(2). An extension of time for reunification efforts is not warranted. Accordingly, we affirm the termination of the father's parental rights.

**AFFIRMED.**